# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Timothy Malcolm Terrell Green

February 8, 1999

Case No. HJ-1722-A4

BY JUDGE RANDALL G. JOHNSON

This is a *de novo* appeal from the Juvenile and Domestic Relations District Court of the City of Richmond. At issue is the custody of Timothy Green, age 4. An evidentiary hearing was held on January 12.

Timothy was born on June 14, 1994. At the time of his birth, his parents were married but separated. By order entered October 28, 1994, the juvenile court awarded the parties joint legal custody of Timothy, with physical custody being awarded to his mother, Katrina C. Green. The parents reconciled in November 1994 and lived together until April 1998, although there was a two-week separation in March 1997. Timothy's father, Tony Edward Green, filed the present petition for custody in July 1998 and was awarded physical custody by the juvenile court in August.

The first issue facing the court is the effect of the 1994 custody order on the present proceeding. It is Ms. Green's position that the earlier order is still binding and that Mr. Green must show a material change in circumstances before custody can be altered. Mr. Green argues that the parents' reconciliation nullifies the previous custody order or, in the alternative, that the reconciliation itself is a sufficient change in circumstances to warrant a change in custody.

The parties have cited no case on point and the court has been unable to find one. The court notes that decrees of divorce from bed and board are not abrogated by reconciliation. *See, e.g., Crenshaw v. Crenshaw,* 12 Va. App. 1129, 1135-36, 408 S.E.2d 556 (1991). Neither are separation agreements. *See, e.g., Jennings v. Jennings,* 12 Va. App. 1187, 1198, 409 S.E.2d 8 (1991). In the absence of statutory or case law authority for nullifying an order of a court of competent jurisdiction concerning custody, this court holds that the

October 28, 1994, order of the juvenile court awarding custody to Ms. Green is still valid. In order for the court to consider a change in custody now, Mr. Green must show that a material change in circumstances has occurred since that order was entered. As noted earlier, Mr. Green argues that the parents' reconciliation is, by itself, a material change in circumstances. The court agrees.

By the nature of juvenile court proceedings in Virginia, there is no record of the reasons that physical custody was awarded to Ms. Green in 1994. This court is sure, however, that one of the factors considered by the juvenile court was the relationship between Timothy and each of his parents. Timothy was born in June 1994. Custody was awarded to Ms. Green in October of that year. At that time, Timothy had never lived with anyone other than Ms. Green; he had no "live-in" experience with his father. After his parents reconciled in November 1994, he lived with both parents for three and a half years, which is the overwhelming majority of his young life. The court feels that this fact alone, in this case, is a sufficient change in circumstances to require a full consideration of custody now.

From the evidence presented at the hearing, the court finds that neither of these parents is unfit. Both love Timothy, are concerned about his best interests, and are able to give him the support, nurturing, and guidance he needs. Neither parent is perfect, but Timothy would do well with either one of them. While this speaks well for the parents, it makes the court's job extremely difficult. Still, the court's job must be done.

Mr. Green works for Tyson Foods. His hours are 3:00 p.m. to 12:15 a.m. In order to be at work on time, he leaves home at 2:00 p.m. He returns home at 2:00 a.m. He lives with his mother, who has had a stroke but appears to be in good health, and his 26-year-old sister, who has a learning disability. Neither the mother nor sister is employed outside of the home, and they look after Timothy while Mr. Green is at work. They live in Mr. Green's mother's two-bedroom apartment, with the mother and sister sharing one bedroom, Timothy having the other bedroom, and Mr. Green sleeping in the living room. His mother has applied for a larger apartment, but does not know when, or if, she will get it. Mr. Green visits Timothy's pre-school often, and acts as a "room parent" to all of the children. As already noted, he is a fine father and Timothy is doing well in his custody.

Ms. Green works for the state Department of Health. Her hours are 7:00 a.m. to 3:00 p.m. She is normally home by 4:00 p.m. She does not drive and would depend on her sister to pick up Timothy in case of emergencies. She lives with her mother in her mother's three-bedroom house, and Timothy, Ms.

Green's mother, and Ms. Green would each have a bedroom if custody is awarded to Ms. Green. While Timothy has lived with his father since August 1998, Timothy did well while in Ms. Green's custody and would do well in her custody now.

Based on the above, the court will award Mr. and Ms. Green joint legal custody of Timothy, but will award physical custody to Ms. Green. The court's decision is based on its belief that Timothy's living arrangements and contacts with Ms. Green will be better than his living arrangements and contacts with Mr. Green. Ms. Green's mother's house has much more room than Mr. Green's mother's apartment, and Timothy will be with his mother daily. The living arrangements in Mr. Green's mother's apartment are considerably cramped, and, although Mr. Green is making extraordinary efforts to be a good father, his work hours necessarily limit the time he can spend with Timothy. It is in Timothy's best interest that physical custody be awarded to Ms. Green.

In making this ruling, the court wants to emphasize that it is in no way "punishing" Mr. Green for living where he lives or having the work schedule that he has. In fact, the court is very favorably impressed with his drive and determination to be a productive member of society and a good parent to Timothy. By law, however, the court must ultimately do what is in Timothy's best interest, and the court is convinced that it is in Timothy's best interest to award physical custody to Ms. Green.

Finally, the court recognizes that Timothy is in a pre-school program at Robert E. Lee Elementary School, which is more convenient to Mr. Green's home than to Ms. Green's home. The court will not disrupt Timothy's present school year. Accordingly, the court's award of physical custody to Ms. Green will not take effect until July 1, 1999. Until then, physical custody will remain with Mr. Green.